**AGIP PETROLEUM CO., INC., Plaintiff,**

v.

**GULF ISLAND FABRICATION, INC., et al., Defendants.**

**No. CIV. A. H–94–3382.**

United States District Court, S.D. Texas, Houston Division.

July 15, 1999.

J. Harrell Feldt, Houston, TX, for Plaintiff.

Innes MacKillop, Houston, TX, for Defendants.

### OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

1. *Introduction.*

An oil company hired contractors to design, transport, and install a production platform offshore of Louisiana. During installation, the platform capsized. The oil company has sued to recover its losses from delayed production; however, it may not recover its consequential losses under maritime law or its contract.

2. *Background.*

Agip Petroleum Co., Inc., hired McDermott, Inc., to transport and install its production platform offshore Louisiana. McDermott transported it to the location, but during installation, the platform capsized. McDermott returned the platform to shore, repaired it, and returned it to sea for installation. The second attempt at installation was successful.

McDermott says that its commercial contract with Agip excludes consequential

damages. While necessarily conceding that the contract excludes consequential damages, Agip counters that its consequential losses are recoverable under maritime law if it proves gross negligence. Assuming Agip had the facts to support its claim for gross negligence, McDermott counters that Agip's claims are solely contractual because performance of the contract is the transaction at issue.

### 3. Maritime Law: Contract.

■ Agip and McDermott entered into a commercial service contract. The contract expressly excludes Agip's claims for consequential damages. The contract says that the parties agreed to "waive and release any claim . . . for consequential damages, . . . whether based on negligence . . . or otherwise." Even without the "any" or the "or otherwise" in it, the clause simply and directly says that there will be no consequential damages.

While there is a jurisprudence of gross negligence derived from cases and legislation, it is not a concept that would ordinarily be found in contracts other than insurance policies; contracts can address types of costs, risks of loss, and their allocation without reference to whether the legal cause may be negligent or intentional much less whether the negligence may be gross or ordinary.

The purpose of a contract is to allocate responsibility. The risks of loss from particular causes and the types of recoveries for those losses are common provisions. Parties to a contract allocate risk in advance on obviously uncertain knowledge about the actual outcome; an adverse outcome is when the contract counts. Agip agreed with McDermott that neither would be liable for the other's consequential damages. Agip did not negotiate for an exception to the exception of consequential damages for any particular cause; it agreed to a blanket ban.

Limits on liability always look unconscionable to the party who later bears a loss, but these disclaimers allow the purchaser to pay a lower price than it would have to pay with unlimited liability. Agip had the benefit of this cost savings because it limited McDermott's liability under the contract. It made a choice to exclude these damages from its remedies. It also made a choice not to use its savings to buy insurance.

### 4. Maritime Law: Torts.

■ Agip wants to avoid its contractual remedies by claiming McDermott was negligent in its performance of the contract, allowing it to recover consequential damages; however, Agip's "tort" claim is for breach of the implied warranty of workmanlike performance in its contract. Breach of an implied warranty at common law would have been an action on the case rather than a trespass. Benjamin J. Shipman, Common-Law Pleading § 39, at 85 (Henry W. Ballentine ed., 3rd ed.1923). No claim for negligence arises from the breach of the contract; Agip and McDermott agreed Agip could not recover its consequential damages. See Employers Ins. Co. of Wausau v. Suwannee River Spa Lines, Inc., 866 F.2d 752 (5th Cir. 1989).

■ Agip argues that a claim for gross negligence can arise from the breach of a contract. The reasons against negligence and products liability claims arising from breaches of a contract to recover consequential damages apply with equal force to gross negligence. First, with the injury only to the platform, there is no tort-law concern for the safety of a third-party outside the contract. Second, Agip could have insured itself against consequential losses. Third, the law of warranty fully addresses commercial controversies between parties. Both Agip and McDermott could have proposed changes to the terms of the contract, but the changes would have to have been negotiated and probably paid for, directly or indirectly. See Id.; East River S.S. Corp. v. Transamerica Delaval, 476 U.S. 858, 106 S.Ct. 2295, 90

L.Ed.2d 865 (1986)(holding that no claim for products liability arises from the breach of a warranty in a contract to recover consequential damages).

### 5. *Conclusion.*

Because Agip's liability was self selected under the contract, it may not recover its consequential losses from McDermott. There is no tort theory under the maritime law to circumvent the contract.